# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JONATHAN DAVID WILKE,<br><br>        Plaintiff,<br>v.<br><br>CHARLES E COLE, WELCOME T. ROSE,<br>CHARLES FACKTOR, JAMES GREER,<br>BRIAN FOSTER, ROBERT HUMPHREYS,<br>DYLAN RADTKE, CAPTAIN BUTEYN,<br>TOBY WATSON, RANDY SMITH,<br>MICHELLE WILINSKI,<br>KELLY A. SALINAS,<br>WILLIAM MCCREEDY, NURSE HAU,<br>and JOHN DOE,<br><br>        Defendants. | Case No. 12-CV-1231-JPS<br><br><br><br>**ORDER** |

On December 4, 2012, plaintiff Jonathan David Wilke ("Wilke") commenced this civil action by filing a prisoner complaint. (Docket #1). Defendants answered, and the court issued a scheduling order setting forth the briefing schedule for the case. (Dockets #12, #13). Presently before the court are two motions, both filed by Wilke: (1) a motion to amend his complaint; and (2) a motion to compel. (Dockets #14, 18). Defendants did not respond to Wilke's motion to amend; they did file a response to the motion to compel. (Docket #22). Both motions are now ready for resolution.

**1. Wilke's Motion to Amend**

The court first addresses Wilke's motion to amend his complaint. Wilke's proposed amended complaint differs from his original complaint as follows: (1) the amended complaint names a defendant previously identified as John Doe; (2) the amended complaint adds three additional parties; (3) the amended complaint provides an updated status for a prior lawsuit that was

pending at the time the original complaint was filed, but has since been resolved; (4) the amended complaint refines the legal theory under which he seeks to proceed to only the Americans with Disabilities Act, and provides different detail in support of his theory; (5) the amended complaint provides factual allegations that go to the additional parties' liability; and (6) the amended complaint provides further factual allegations generally.

Wilke's motion will be granted for three reasons. First, as stated earlier, Defendants did not file any opposition to Plaintiff's motion. As provided in Civil Local Rule 7(d), "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." Civ. L. R. 7(d). The court may, therefore, grant Plaintiff's motion without discussion. Second, further counseling in favor of granting Plaintiff's motion is the instruction provided in Federal Rule of Civil Procedure 15(a)(2), which states that "[t]he court should freely grant leave [to amend a complaint] when justice so requires." Fed. R. Civ. Pro. 15(a)(2). And third, when considering whether to grant leave to amend a complaint, the court is to consider whether the plaintiff has shown "good cause." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The court primarily considers the "diligence of the party seeking amendment" in making a "good cause" determination. *Id.* In this instance, Defendants filed their answer on May 12, 2013. Plaintiff states that he was in segregation from May 13, 2013, until July 3, 2013, and that during this time he did not have sufficient access to his legal materials or to the law library. Plaintiff filed his motion to amend on July 16, 2013, or thirteen days after his release from segregation. The court finds that Wilke's limited access to legal materials constitutes good cause for his slight delay in this instance, and that his filing

of his motion shortly after his release from segregation evinces due diligence on his part. For the above-articulated reasons, Wilke's motion to amend his complaint will be granted.

**2.    Wilke's Motion to Compel**

The court now turns to Wilke's motion to compel. Wilke asserts that he submitted a discovery request to Defendants, and that Defendants objected to two interrogatory requests.[1] The court will consider each request in turn, but first briefly reviews the fundamentals of Wilke's claim. Wilke is suing for discrimination and failure to accommodate his medical condition of paruresis, or "shy bladder," a condition that makes it difficult for Wilke to urinate in the presence of others. Wilke requested placement in a single cell while housed in segregation because of his difficulty urinating when housed in a double cell. Wilke contends that Defendants' failure to provide this accommodation constitutes a violation of the Americans with Disabilities Act ("ADA"). Wilke's amended complaint claims that he was denied accommodations in June 2011, December 2011, February 2012, October 2012, and June 2013.

The first interrogatory to which defendants object is: "State the average number of prisoners whom [sic] were confined within the segregation Unit 14 at Kettle Moraine Correctional Institution during every day in the years of 2011 and 2012." Defendants objected on two grounds: first, that the request is not reasonably calculated to lead to the discovery of admissible evidence; and second, that it is overly broad, without reasonable

---

[1] Defendants also initially objected to two requests for production, however, in their response to Wilke's motion to compel, Defendants state that they have since agreed to satisfy Wilke's request. This order, therefore, does not address the merits of that portion of the parties' dispute.

limitation, and would unduly burden Defendants. In his motion, Wilke argues that the request is reasonably calculated to lead to the discovery of admissible evidence because it may show that providing a single cell in the segregation unit is possible. In their opposition, Defendants disagree regarding the request's relevance, stating that providing an average number of inmates over a two year period will not provide relevant evidence to demonstrate that a single cell was available to Wilke. Defendants further argue that providing this information is unduly burdensome, and would require prison staff between three and four work days to tabulate the figures.

A party may seek an order to compel discovery if an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed.R.Civ.P. 37(a)(1)-(4). The party objecting to a discovery request bears the burden in showing why the request is improper. *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 450 (N.D.Ill. 2006); *see also Sherman Park Community Ass'n v. Wauwatosa Realty Co.*, 486 F.Supp. 838, 845 (E.D.Wis. 1980). In ruling on a discovery motion, courts consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotation omitted).

In this instance, the court will deny Wilke's motion. The court agrees with Defendants that the request is overly broad, and concludes that the value of the information sought is diminished due to the breadth of the request. Further, considering the substantial burden of providing the information, the court agrees that Wilke's request is improper. It goes

without saying that, should Plaintiff request data closely targeted to the periods of time relevant to his claims, the analysis would likely yield a different result as the value of the information would increase, while the burden of producing this limited set of data would decrease.

The second interrogatory to which Defendants object is: "State how many feet and/or inches the cells are in the segregation Unit 14 at Kettle Moraine Correctional Institution (i.e. the cells are 14 x 10 feet)." Defendants objected on two grounds: first, because the information is confidential for security reasons; and, second, on the grounds that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. In his motion to compel, Wilke argues that the cell dimensions are relevant because they will show the factfinder how small the cells are, and allow them to have an idea of how difficult it is for the plaintiff to urinate when he is housed in the cells with a cellmate. Wilke further argues that the information does not present a security risk because the size of the cells is "well known by prisoners within Kettle Moraine Correctional Institution." Defendants respond that if the information is well known, then no discovery is required, and they reiterate their previously-articulated security concerns.

The court again agrees with Defendants; at the end of the day, the relevant information to Wilke's claim is his proximity to his cellmates, not the exact dimensions of the cells. Given that the prison has articulated concerns over security, and given that Wilke can establish the approximate size of the cells–again to illustrate his proximity to his cellmate–the court concludes that Defendants should not be compelled to provide exact cell measurements. Accordingly, Wilke's motion to compel will be denied.

Finally, in their response to Wilke's motion, Defendants moved to stay the scheduling order in this case until discovery issues are resolved, and to allow sufficient time to comply with the court's order on the motion to compel. Because this order denies Wilke's motion, compliance does not demand an extension of any deadlines. Any other amendment to the Scheduling Order will be taken up in response to specific requests from the parties.

Accordingly,

**IT IS ORDERED** that Wilke's motion to compel (Docket #18) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Wilke's motion to amend (Docket #14) be and the same is hereby **GRANTED**.

The Clerk of the Court is directed to file the amended complaint (Docket #14-3).

Dated at Milwaukee, Wisconsin this 18th day of September, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge